Opinion filed April 26, 2007 
















 
 
  
 
 







 
 
  
 
 




Opinion filed April 26, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00169-CR 

                                                    __________

 

                             MARCUS DEWAYNE HARRIS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 230th District Court

 

                                                           Harris
County, Texas

 

                                                 Trial
Court Cause No. 1047453

 



 

                                                                   O
P I N I O N

The jury
convicted Marcus Dewayne Harris of murder and assessed his punishment at
confinement for thirty years and a $5,000 fine. 
We affirm.

Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that she has concluded that the appeal is frivolous.  








In her brief, counsel presents two arguable
issues.  First, counsel questions the
sufficiency of the evidence to support the jury=s
verdict.  As counsel notes, the issue
before the jury was whether appellant shot the victim in self-defense.  It was undisputed that appellant shot and
killed the victim.  As counsel further
notes, the jury, as the finder of fact, is the sole judge of the weight and
credibility of the witnesses=
testimony.  Tex. Code Crim. Proc.
Ann. art. 36.13 (Vernon 2007),
art. 38.04 (Vernon
1979).  Due deference must be given to
the fact-finder=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson v. State, 23
S.W.3d 1 (Tex.
Crim. App. 2000); Jones v. State, 944 S.W.2d 642 (Tex. Crim. App.
1996).  We agree with counsel=s conclusion that the evidence is
sufficient to support the verdict.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Watson v. State, 204 S.W.3d
404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga v. State, 144
S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11
(Tex. Crim. App. 2000); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim.
App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  This arguable issue is overruled.

In her second arguable issue, counsel questions
the effectiveness of trial counsel assistance. 
Counsel argues that the trial counsel Aforcefully
and compellingly argued [a]ppellant=s
claim to self-defense@
and Apointed
out the weaknesses in the [S]tate=s
case.@  Counsel concludes that the conviction in this
case was not a result of trial counsel=s
deficient representation but rather was due to the fact that Athe jury simply did not believe the
self-defense claim.@  The record supports counsel=s conclusions, and this arguable issue
is also overruled.

Counsel has provided appellant with a copy of the
brief and advised appellant of his right to review the record and file a
response to counsel=s
brief.  A response has not been
filed.  Court-appointed counsel has
complied with the requirements of Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland 2005, no pet.).








Following the procedures outlined in Anders,
we have independently reviewed the record, and we agree that the appeal is
without merit.  We note that counsel has
the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens, 206 S.W.3d 670 (Tex.
Crim. App. 2006).  Likewise, this court
advises appellant that he may file a petition for discretionary review pursuant
to Tex. R. App. P. 66.  Black v. State, No. 11-06-00273-CR,
2007 WL 431005 (Tex.
App.CEastland,
Feb. 8, 2007, no pet.).

The motion to withdraw is granted, and the
judgment is affirmed.

 

PER CURIAM

 

April 26, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.